**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MELVIN JOHNSON,

       Plaintiff-Appellant,

v.

JOHN E. POTTER, Postmaster
General, United States Postal Service,

       Defendant-Appellee.

No. 04-3489
(D.C. No. 01-CV-4182-SAC)
(D. Kan.)

---

**ORDER AND JUDGMENT**   *

---

Before **LUCERO** , **ANDERSON** , and **BRORBY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Plaintiff appellant Melvin Johnson appeals the district court's grant of

summary judgment to his former employer, the U.S. Postal Service, on his claims

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of age, race, and disability discrimination.  He also appeals the district court's refusal to grant his motion to recuse.  After our de novo review of the district court's grant of summary judgment, *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999), and our review of the denial of the motion for recusal for abuse of discretion, *Higganbotham v. Okla. ex rel. Okla. Transp. Comm'n*, 328 F.3d 638, 645 (10th Cir. 2003), we affirm.

Johnson, a white male, was hired at age sixty-two by defendant to be a casual mail handler.  According to defendant, Johnson was discharged because, despite having had three to four times more training than the average mail handler, Johnson still could not do the job without constant supervision and help.  After his termination, Johnson first informed his supervisor that his learning disabilities rendered him disabled.  Johnson, however, had never asked for any accommodation for the alleged disability, which he maintains he has had all of his life.

Johnson brought suit in federal district court alleging that his termination was motivated by age, race, and disability discrimination.  He also filed a motion for recusal.  The district court refused to grant the recusal motion, concluding that Johnson's allegation that he and his primary witness were being harassed by officials of the City of Topeka, and Johnson's objection to certain adverse rulings

made by the judge in other cases did not present grounds for recusal. We find no abuse of discretion in this conclusion.

As for the discrimination claims, the court carefully analyzed evidence in the record, paying particular attention to the affidavit of Johnson's main witness. The court concluded that there was no factual support to sustain Johnson's claims and that he had thus failed to establish a prima facie case for any of them. In the alternative, the court reasoned that, even if Johnson had been able to present a prima facie case of discrimination, "defendant has met its light burden to articulate a legitimate business reason for plaintiff's termination by stating that plaintiff was unable to perform the duties of the position for which he was hired." *Johnson v. Potter*, No. 01-4182-SAC, 2004 WL 2823237, at *12 (D. Kan. Nov. 10, 2004) (unpublished). Because Johnson had not shown the stated reason to be pretextual, the court granted summary judgment to defendant.

Although in his brief Johnson lists nine separate issues, his contentions basically boil down to three: that the district court's refusal to recuse was an abuse of discretion; that the district court erred in concluding that Johnson had failed to establish a prima facie case on any of his discrimination claims; and that the district court erred in its application of Fed. R. Civ. P. 11. We find no merit in any of these issues, and we affirm the decision for substantially the reasons stated by the district court in the above-cited memorandum and order.

As a final matter, Johnson has filed a motion to proceed on appeal without prepayment of costs or fees. Giving Johnson the benefit of the doubt as to his inability to pay and construing his pro se materials liberally to find a reasoned, nonfrivolous issue in this appeal, we GRANT the motion to proceed in forma pauperis.

The judgment of the district court is AFFIRMED.

Entered for the Court


Wade Brorby
Circuit Judge